DANIEL J. BROWN & others *vs.* BOSTON POLICE RELIEF ASSOCIATION.

Suffolk.   January 11, 1915. — February 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Boston Police Relief Association.   Corporation, By-laws.*

The provision of St. 1882, c. 78, amending the charter of the Boston Police Relief Association by authorizing an extension to retired members of the police force of the benefits to accrue upon the death of its members or of their wives, was permissive and allowed but did not compel the extension of the privilege.

Action by that association, at the same meeting at which it accepted the provision of the statute by amending its by-laws so as to permit those who had retired from the police force to continue their membership in the association, in voting to amend a by-law which formerly had provided that upon the death of the wife of a member the board of directors should cause a certain sum to be paid to the member, so that it read that "the board of directors, with the approval of the finance committee" should do so, was within its power under its charter and by-laws.

That by-law as thus amended means that the determination of the question whether such benefit shall be paid depends upon the direct affirmative sanction of the finance committee.   While the finance committee in exercising the power so given to them would not be justified in acting in a whimsical or capricious manner in refusing sanction to the payment of the benefit, a refusal by them to authorize the payment of that benefit to any members who have retired from the police force is within their powers, and cannot be called whimsical or capricious.

RUGG, C. J.   The defendant was incorporated by St. 1876, c. 16, for the purpose of assisting the families of its deceased

members and its members when sick or disabled, or upon the decease of their wives. Membership was confined to those who were members of the police department of the city of Boston. Its charter was amended by St. 1882, c. 78, so as to extend the benefits to accrue upon the death of members or their wives to retired members of the police force, subject among other provisos to compliance with its by-laws. Previous to the annual meeting of 1884, Article XIX of the by-laws read as follows: "Upon the death of the wife of a member of the corporation, the board of directors, shall cause to be paid to said member the sum of one hundred dollars." At that meeting this by-law was amended by inserting after the word "directors" the words "with the approval of the Finance Committee." At the same meeting Article I of the by-laws was amended so as to permit those who had retired from the police department to continue their membership in the association as provided in St. 1882, c. 78. Since that time the association has not expressly voted to extend to retired members the benefits to accrue by reason of the decease of their wives. The plaintiffs are retired members whose wives have deceased and they demand in this suit in equity the benefit provided by Article XIX of the by-laws.

St. 1882, c. 78, was permissive in its terms and allowed but did not compel the defendant to extend certain though not all of its benefits to retired members. At the same time this statute was accepted by the association, its by-law touching benefits to accrue on the death of the wife of a member was amended so that, instead of being definite and mandatory, its payments were made dependent wholly upon vote of the finance committee. All its other benefits remained mandatory as to occasion and time of payment and definite as to amounts. Since then it has been the settled policy of the association, as manifested by the votes of its finance committee, not to pay this particular benefit to a retired member upon the death of his wife, but to restrict this particular benefit to active members. All retired members have retained membership in the association subject to the provision that they should comply with the by-laws.

Although Article XIX of the by-laws is not couched in the clearest language, we interpret it to mean that whether the benefits shall be paid on the death of the wife of a member depends

upon the direct affirmative sanction of the finance committee. Doubtless their conduct in this regard could not be capricious. But the refusal to approve such payments to all retired members cannot be pronounced whimsical. The reason for this policy is set forth at length in correspondence annexed to the record, which shows that the expense to the association on account of the retired members has been much larger than that of the active members, and that it was the deliberate judgment of the officers of the defendant that the benefits for this class of its membership in view of its resources ought not to be increased. As matter of law this conclusion is within the powers of the defendant under its charter and by-laws.

The decree dismissing the bill was entered in the Superior Court* without costs, and it is

*Affirmed without costs.*

*G. H. Tinkham,* (*S. E. Duffin* with him,) for the plaintiffs.
*W. J. Mayers,* for the defendant.

---

* By order of *Wait,* J., by whom the case was heard upon an agreed statement of facts.